DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

ELIZABETH HURST,                 )
                                 )
         Plaintiff,              )
                                 )
    v.                           )   Civil No. 2016-102
                                 )
SHAWN MICHAEL MALONE             )
                                 )
         Defendant.              )
                                 )

APPEARANCES:

**Michael Patrick Doyle, Esq.**
Doyle LLP
Houston, TX
**Ryan Greene, Esq.**
St. Thomas, VI
    *For Elizabeth Hurst,*

**Mark Hodge, Esq.**
Hodge & Hodge
St. Thomas, VI
**Terri Griffiths, Esq.**
St. Thomas, VI
    *For Shawn Michael Malone.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Elizabeth Hurst to reconsider the Court's judgment of dismissal in this action.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 5, 2015, Elizabeth Hurst ("Hurst") and a friend were crossing a road in St. Thomas, Virgin Islands. At that time, Shawn Malone ("Malone") was driving a car. Malone hit Hurst and her friend while they were crossing the road. Hurst

sustained several injuries to her head and spine. At the time of the accident, Malone's car was covered by an insurance policy issued by Guardian Insurance Company ("Guardian").

On December 14, 2016, Hurst filed a complaint against Malone alleging claims for negligence and gross negligence.

On March 20, 2018, Hurst and Malone jointly moved for entry of a Consent Judgment. *See* Joint Mot. for Entry of Consent J., ECF No. 58. The parties' proposed Consent Judgment provided that Malone had consented to entry of the proposed Consent Judgment without trial or adjudication of any issue of fact or law. The parties attached a document entitled "Deed of Assignment and Covenant to Delay Execution of Judgment" (the "Deed") to the proposed Consent Judgment. *See* Deed of Assignment and Covenant to Delay Execution of Judgment, ECF No.58-2. According to the Deed, Hurst agreed to limit her claims to $250,000. The Deed also provides that the parties would jointly move for entry of an agreed judgment in the amount of $250,000 in exchange for Malone's assignment of any and all rights he may have under his insurance contract with Guardian in relation to the incident. The proposed Consent Judgment also provided that Hurst agreed not to execute upon any amount of the Judgment against Malone until Hurst had resolved all claims assigned to her by Malone.

On March 20, 2018, the Court held a status conference in this matter. At that conference, the parties advised the Court

that they had entered a settlement agreement resolving all claims.

> THE COURT: I'm advised that the parties have resolved their dispute but I wanted them to make sure that was the case so we could decide where we go from here. So since this is the plaintiff's case, was prosecuting this case, Attorney Greene, tell us whether this matter has reached some pretrial disposition.
>
> MR. GREENE: Yes, Your Honor. Good afternoon and thank you. We have, Your Honor. This matter has been resolved. Ms. Elizabeth Hurst, my client, has settled and resolved all of her claims against the defendant, Shawn Michael Malone. And in terms of that settlement revelation are set forth in a signed agreement signed by both of those parties which has been appended to our joint motion to enter a Consent Judgment which has been filed with the Court, and from the plaintiff's perspective, there is nothing left to do in this matter other than to enter into an agreed or consent judgment.
>
> THE COURT: And who's speaking Shawn Malone?
>
> MS. GRIFFITH: Well, Your Honor, this is Terri Griffith. I represent Shawn Michael Malone and I represented him in the negotiation of this proposed Consent Decree or Order in the settlement of the case. So, we concur with Attorney Greene that there's no more to be – nothing other than the judgment be entered.

Status Conference Tr. 2:21-3:25, March 20, 2018, ECF No. 66. The proposed consent judgment which was signed by Hurst and Malone, recited the respective parties' promises, obligations, and considerations. It also stated that the Court would retain jurisdiction for 10 years from the date the consent judgment is entered. The Court explained that it was disinclined to lend its imprimatur to the proposed Consent Judgment. Subsequently the

parties agreed that there was no case or controversy before the Court and the matter should be dismissed.

> THE COURT: Attorney Greene, you have any opposition to the Court proceeding in the fashion that I suggested, which is, one, there is no claim or controversy before the Court because it's been resolved. So, I will vacate the trial setting, dismiss the case and close – dismiss the matter and close the case.
>
> MR. GREENE: No opposition, Your Honor.
>
> THE COURT: Okay, Attorney Griffith?
>
> MS. GRIFFITH: No opposition, Your Honor.

Status Conference Tr. 4:23-5:8, March 20, 2018, ECF No. 66. Thereafter the Court issued a Judgment in this matter. *See* Judgment, March 20, 2018, ECF No. 60. The Judgment vacated the trial setting, mooted all pending motions, dismissed the case, and directed the Clerk of Court to close the case. *Id.* at 1-2.

On April 2, 2018, Hurst filed a motion for reconsideration of this Court's March 20, 2018, Judgment. In her motion, Hurst asserts that it was erroneous for the Court to dismiss this action given that a request for entry of the proposed consent judgment was pending.

## II. DISCUSSION

In support of her motion, Hurst directs the Court to the Deed, which contains a provision that the parties "agree to jointly move for entry of an agreed judgment." ECF No. 58-2 at 2.

     To the extent Hurst relies on the record to support her motion, that reliance is misplaced. First, a review of the record clearly reflects that Malone agreed to pay Hurst $250,000. Malone also agreed to assign any of his claims against Guardian to Hurst in exchange for Hurst's agreement to settle all claims against Malone and to delay collection of the $250,000 until she resolves any and all of the assigned claims that she may bring against Guardian.

     The parties' own recitation on the record that a settlement had been reached and the terms of the Deed evidence the parties' meeting of the minds and mutual assent to those terms. *See, e.g., Sheet Workers Int'l Ass'n Local 27 Annuity, Health & Welfare, Vacation, Educ. & Unemployment Funds*, 67 Fed. Appx. at 160 (finding that "the terms of agreement entered into the record . . . constituted a 'meeting of the minds' as to essential terms of settlement"); *see also Tracy v. Kimberly-Clark Corp.*, 74 Fed. Appx. 44, 47 (Fed. Cir. 2003) ("A meeting of the minds between the parties occurs where there has been assent to all the essential terms and conditions."); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996) ("To be enforceable, a settlement agreement must be based upon a meeting of the minds on the essential terms of the agreement.") (citation and quotation omitted). The terms in the Deed also establish that the settlement agreement was supported by

consideration on both sides. *See, e.g., Channel Home Centers, Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986) (noting that "of course, there must be consideration on both sides . . . for enforceability of a[] [settlement] agreement") (applying Pennsylvania law); *Shernoff v. Hewlett-Packard Co.*, Civ. No. 04-4390, 2006 U.S. Dist. LEXIS 87518, at *7 (D.N.J. Dec. 4, 2006) ("Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff would forego her claims against Defendant and surrender her options to purchase HP stock in return for a payment of $37,500.").

    Moreover, a review of the March 20, 2018, status conference reveals that the parties were represented by counsel. Counsel for both parties represented that their clients had settled and resolved the matter. Indeed, prior to the March 20, 2018, status conference, the parties' objective intent to settle the matter was revealed in their execution of the proposed consent judgment. The parties are bound by their own manifestation of assent as well as their counsels' representations with respect to the settlement agreement. *See Zong v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 632 F. App'x 692, 694 (3d Cir. 2015) (quoting *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1971)) ("An agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a

writing"); *see also, Main Line Theatres, Inc. v. Paramount Film Distrib. Corp.*, 298 F.2d 801, 802 n.1. (3d Cir. 1962) (explaining that, where "the record warranted a finding that the negotiations reached a point where mutual assent had been expressed orally to settle the litigation for $ 10,000," " the law requires no more formality and not [sic] greater particularity than appears here for the formation of a binding contract").

To the extent that Hurst argues that entry of the proposed Consent Judgment was a precondition to the existence or validity of the settlement agreement without which there was no settlement agreement between the parties, that argument is belied by the record. The Court clearly explained its disinclination to enter the proposed consent judgment at the March 20, 2018, status conference.[1] That position is neither novel nor contrary to law, as there is no requirement for a Court to enter a consent judgment. Indeed, "[a] consent decree

---

[1] Hurst also contends that there is manifest injustice if the proposed Consent Judgment is not entered by the Court because without such entry, Guardian will argue that damages are non-existent or uncertain. This argument reveals a misunderstanding on the part of the parties as to the requirements of *res judicata* and collateral estoppel. *Res judicata* requires an identity of the parties. *Huck ex rel. Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45, 48 (3d Cir. 1997). Collateral estoppel requires that the issue was actually litigated. *Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. 2007). Thus, regardless of whether the Court had entered a Consent Judgment for the specified settlement amount of $250,000, Guardian would still be able to challenge the issues of liability and damages as to the underlying incident that occurred on February 5, 2015.

has elements of both judgment and contract" and "is entered as an order of the court" whereas "a private settlement, although it may resolve a dispute before a court, ordinarily does not receive the approval of the court." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 280 (4th Cir. 2002). The existence of a valid private settlement is not undermined by how the parties label the agreement or by the Court's decision not to approve a proposed consent decree.

It is hard to conceive how the unequivocal position of the Court did not disabuse the parties of any thought that the Court would enter a consent judgment. Having been placed on notice, the parties maintained that they had reached a settlement in this matter such that there was no longer any case or controversy before the Court. Where the parties have settled a matter and there is no longer any case or controversy, a court may properly dismiss that matter. *Cf. Tucker v. Cnty. of Bucks*, 221 F. App'x 96, 98 (3d Cir. 2007)(finding that the district court correctly dismissed a 42 U.S.C. § 1983 case where there was no case or controversy because the underlying child custody case had been settled).

Once the parties reach a settlement agreement in which the plaintiff agrees not to proceed on its claims against the defendant, there is no longer a case or controversy between the parties with respect to those claims. *See Bryan v. All Out Die*

*Cutting, Inc.*, 32 F. App'x 651, 652 (3d Cir. 2002) ("Once the parties entered into a full release and settlement of all claims against the individual and corporate Defendants and the agreements were approved by the Bankruptcy Court, an actual case or controversy ceased to exist, and the District Court could not properly exercise jurisdiction over the matter."). At that time, the court may no longer exercise jurisdiction over the matter and may close the case. *See id.* That circumstance occurred here when the parties signed the Deed and represented on the record that this matter had been resolved.

The premises considered; it is hereby

**ORDERED** that the motion of Elizabeth Hurst for reconsideration is **DENIED.**

S\_____
**Curtis V. Gómez**
**District Judge**